IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PEGGY LOVELESS<br><br>    Plaintiff,<br><br>v<br><br>NOVOLEX HOLDINGS, INC. and<br>Its Brand, HILEX POLY CO. LLC,<br><br>    Defendant, | Cause of Action: 4:21-cv-63 |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Peggy Loveless, by counsel and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff Peggy Loveless (hereinafter referred to as "Ms. Loveless" or "Plaintiff") is a resident of Jennings County and former employee of the Defendant.

2. Defendants, Novolex Holdings, Inc. and Its Brand, Hilex Poly Co. LLC, (hereinafter referred to as "Hilex Poly" or "Defendant") is an employer as defined by 49 U.S.C. 2000e(b), *et. seq*. that conducts business in the State of Indiana.

3. Ms. Loveless invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Ms. Loveless was hired by Defendant in May 2019 as a Tender.

6. Plaintiff, at all relevant times, met or exceeded the legitimate employment expectations of the Defendant.

7. On or about September 14, 2019, Plaintiff suffered an on-the-job injury when she tore a tendon in her foot, which worsened and became a long-term condition that affected her major life activities.

8. In February 2020, the Defendant's workers compensation doctor released Plaintiff to return to work without restrictions.

9. After one day on the job, Plaintiff's injury worsened and Defendant doctor agreed that eight (8) hour days would be more appropriate.

10. When Plaintiff's condition continued to worsen, she sought the opinion of an independent doctor who restricted her to four (4) hours a day for a 2-month period, ending on May 4th, in order to allow her foot to adjust.

11. On March 6, 2020, Defendant informed Plaintiff that it would accommodate her restrictions and asked that she have her doctor fill out an ADAAA form.

12. Plaintiff's doctor completed the forms, but Defendant refused to allow Plaintiff to return to work claiming that it needed to clarify what was meant by four (4) hour days.

13. Plaintiff tried several times to reach Defendant's Human Resource Department ("HR") to get an update on her status, but her communications were not returned.

14. On April 24, 2020, Plaintiff received a call from Defendant telling her that she could return on or about April 27th.

15. Plaintiff pointed out that the 2-month acclimation period prescribed by her doctor was ready to expire in one (1) week, and Defendant's Human Resource representative told her that she would contact corporate and get back to her with a response.

16. Plaintiff then received a letter on April 28, 2020 approving the four (4) hour days, but not addressing the 2-month acclimation period.

17. The letter invited Ms. Loveless to contact Danielle Phillips with any questions or concerns, and Ms. Loveless faxed those concerns to Ms. Phillips and headquarters that same day.

18. On May 11, 2020, Plaintiff received another letter from Defendant regarding her termination which stated that her failure to respond to the April 28th letter was considered a voluntary quit.  This letter asked Plaintiff to contact Defendant no later than May 18th if she believed the letter was sent in error.

19. Ms. Loveless reached out to Defendant one final time on May 13, 2020 and once again she received no response.

20. On or about July 9, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("Charge Number 470-2020-03096") alleging discrimination and retaliation under the Americans with Disabilities Act, 42 U.SC. §12101 *et. sec.*

21. On or about January 20, 2021, the Equal Employment Opportunity Commission issued Plaintiff a right to sue on Charge Number 470-2020-03096.

COUNT I
ADA

22. Plaintiff incorporates by reference Paragraphs one through twenty-one (21) above.

23. Defendant discriminated against Ms. Loveless on the basis of her disability when it failed to accommodate her restrictions by not allowing her to work four (4) hour days for a 2-month long period in order acclimate her foot to a 12-hour work day.

24. These actions violated Ms. Loveless's rights Americans with Disabilities Act, 42 U.SC. §125101 *et. sec.*

25. As a result of the foregoing, Ms. Loveless has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

26. As a result of Defendant's actions, Ms. Loveless has incurred attorney fees and costs.

27. Defendant's actions were done with malice or willful reckless disregard to Ms. Loveless' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
### Retaliation

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) above.

29. Defendant terminated the Plaintiff in retaliation for requesting that her previously agreed to accommodation be honored, and insisting for clarification relating to the same.

30. Because Plaintiff questioned the Defendant about her accommodation, Defendant terminated Plaintiff's employment.

31. Furthermore, the Defendant's decision to terminate the Plaintiff was pretextual and done in retaliation for exercising her rights under the Americans with Disabilities Act.

32. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, compensatory damages, back pay, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## COUNT III
## FRAMPTON

33. Plaintiff incorporates by reference paragraphs one (1) through thirty-two (32) above.

34. Plaintiff exercised a statutory right by filing a claim under Indiana's Workers' Compensation Statute.

35. Defendant contravened the Indiana Workers' Compensation Statute when it terminated Plaintiff's employment in retaliation for exercising her statutory right to file a workers' compensation claim.

36. Terminating Plaintiff's employment for filing a workers' compensation claim is contrary to public policy and actionable under Indiana common law.

37. As a result of Defendant's actions, Plaintiff has sustained damages including, but not limited to, lost wages and attorney fees.

WHEREFORE, Plaintiff, Peggy Loveless, by counsel, respectfully requests judgment against Defendant, Advantage Solutions, in an amount sufficient to fairly and adequately compensate

Ms. Eklof for her lost wages and benefits, injuries and damages, anguish, mental suffering, and damages, attorney fees and for all other relief just and proper in the premises.

COUNT IV
WAGE CLAIM

38. Plaintiff incorporates by reference Paragraphs one (1) through thirty-seven (37) above.

39. Plaintiff brings this action, pursuant to Ind. Code 22-2-9 *et seq.* and Indiana Code 22-2-5 *et seq.*, and in support thereof states as follows:

40. Plaintiff, Peggy Loveless, currently resides in North Vernon, IN in Jennings County.

41. Defendant, Hilex Poly, is a domestic corporation doing business in Jennings County, Indiana.

42. Plaintiff is a former employee of the Defendant who was terminated by the Defendant on or about May 18, 2020.

43. Defendant has failed to pay Plaintiff for wages she has earned.

44. Pursuant to Indiana Code 22-2-5-2, Plaintiff is also entitled to recover from Defendant liquidated damages in an amount equal to double the wages due, as well as costs and reasonable attorney's fees.

45. The Commissioner of the Indiana Department of Labor, by and through the Indiana Attorney General, has authorized Plaintiff to pursue his claim for unpaid wages pursuant to Indiana statute.

46. All conditions precedent to this action have occurred, have been performed or have been excused.

WHEREFORE, Plaintiff prays for judgment against Defendant and an award of damages as follows:

1. Unpaid wages in the amount of $2,218.00;
2. Liquidated damages in the amount of $4,436.00;
3. Costs and reasonable attorney fees;
4. Prejudgment interest; and

For a final judgment against Defendant in the amount of $6,654.00 in compensation under this Count IV, plus prejudgment interest, plus Plaintiff's costs and Plaintiff's reasonable attorney fees incurred herein, and all other just and proper relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, #22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Suite B
Greenwood, Indiana 46142
(317) 885-0041
(888) 308-6503 Fax